UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA WALDO, individually and as Natural Parent of D.P., <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY & COMPANY, <br><br> Defendant. | No.: 2:13-cv-00789-KJM-EFB <br><br> ORDER |

This matter is before the court on defendant's request to seal several documents. (ECF No. 71.) Plaintiff has filed neither an opposition nor a notice of non-opposition. As explained below, the court GRANTS defendant's request.

I.   DISCUSSION

Defendant[1] requests that the court permit it to file the following documents under seal: (1) memorandum of points and authorities in support of a motion for summary judgment; (2) statement of undisputed facts in support of the motion; (3) declaration of Eric Rothschild in support of the motion; and (4) exhibits A through F in support of the motion. Defendant

/////

---

[1] While the court's standing orders require the person claiming confidentiality to file the request to seal, the court makes an exception here and considers the pending request in light of the subject matter it covers.

1

anticipates filing these documents with its upcoming motion for summary judgment. Defendant reasons that these documents contain confidential medical information related to plaintiff.

A.   Standard

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b). "[A] party may submit an opposition . . . within three days of the date of service . . . ." *Id.* 141(c). "The opposition shall not be filed . . . ." *Id.*

It is an established principle that there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id.* at 1180.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* That is, the party requesting sealing "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id.* at 1178-79 (internal citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id.* at 1180. This is because the public's interest in non-dispositive materials is weaker than its interest in dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result

. . ." if the request to seal is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

      B.      <u>Analysis</u>

Here, because the documents defendants seek to seal are to be filed with a dispositive motion, summary judgment, the court applies the compelling reasons standard. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting "summary judgment adjudicates substantive rights and serves as a substitute for trial" (internal quotation marks omitted)). The court finds the documents identified above should be filed under seal.

"The Supreme Court has recognized a fundamental privacy right in non-disclosure of personal medical information." *Coons v. Lew*, 762 F.3d 891, 900 (9th Cir. 2014). While there is a presumption favoring public access to court records, medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996, *see Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). To protect the confidential medical information of plaintiff, which has not otherwise been publicly disclosed so as to waive a claim of confidentiality, the court GRANTS defendant's request to seal the aforementioned documents. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1136 (10th Cir. 2011); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 WL 89931, at *1 (N.D. Cal. Jan. 10, 2011).

II.    <u>CONCLUSION</u>

The Clerk of the Court is authorized to file the following documents under seal: (1) memorandum of points and authorities in support of defendant's motion for summary judgment; (2) declaration of Eric Rothschild in support of defendant's motion for summary

/////

/////

judgment; (3) exhibits A through F in support of defendant's motion for summary judgment; and (4) defendant's statement of undisputed facts in support of its motion for summary judgment.

IT IS SO ORDERED.

DATED: June 18, 2015.

_____
UNITED STATES DISTRICT JUDGE