UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA WALDO, | No. 2:13-cv-00789-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

This matter is before the court on the motion by defendant Eli Lilly & Company (Lilly) for summary judgment and to dismiss for failure to prosecute (ECF No. 76). Plaintiff has not filed an opposition or statement of non-opposition. This matter is decided without a hearing. For the following reasons, the court GRANTS the motion to dismiss for failure to prosecute and DENIES AS MOOT the motion for summary judgment.

I.   BACKGROUND

Plaintiff Angela Waldo[1] filed this diversity action against Lilly, a pharmaceutical company, on April 22, 2013. ECF No. 1. The claims arise from plaintiff's use of Prozac, a selective serotonin reuptake inhibitor (SSRI), during her pregnancy. *Id*. at 1. Plaintiff raises sixteen claims, including design defect, manufacturing defect, failure to warn, negligence, breach

---

[1] Although defendant spells plaintiff's last name "Waldow" throughout its papers, the court assumes the spelling in the complaint is correct and defers to that spelling.

1

1   of express and implied warranty, fraud, negligent misrepresentation, unfair trade practices,
2   negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress
3   (IIED).  *See generally id.*  Lilly filed a motion to dismiss on July 19, 2013, which the court
4   granted in part on October 8, 2013, dismissing with prejudice the design defect, negligence per se
5   and NIED claims and request for punitive damages, and without prejudice her negligence, fraud,
6   negligent misrepresentation, unfair and deceptive trade practices, IIED, and unjust enrichment
7   claims.  ECF No. 35.  Plaintiff filed a first amended complaint on October 29, 2013, ECF No. 36,
8   and Lilly filed a second motion to dismiss on November 12, 2013, ECF No. 38.

9         The court granted the second motion in part on January 14, 2014, dismissing the
10  negligent misrepresentation claim without prejudice.  ECF No. 43.  On February 3, 2014, plaintiff
11  filed a second amended complaint, the operative complaint, raising nine claims: strict liability
12  (manufacturing defect); strict liability (failure to warn); negligence; negligence (failure to warn);
13  breach of express warranty; breach of implied warranty of fitness for a particular purpose; breach
14  of implied warranty of merchantability; fraud; and negligent misrepresentation.  Second Am.
15  Compl. (SAC), ECF No. 44.  On February 13, 2015, plaintiff's counsel filed a motion to
16  withdraw as counsel, ECF No. 61, and the court granted the motion on April 1, 2015, ECF No.
17  65.  Plaintiff remains unrepresented.

18        In May 2015, Lilly sought to amend the August 1, 2013 Status (Pretrial
19  Scheduling) Order, and attempted to contact plaintiff by phone and email to ascertain her
20  position.  ECF No. 68.  Unable to reach her, defendant filed an ex parte request.  *Id*.  On May 19,
21  2015, this court granted defendant's ex parte request to amend.  ECF No. 70.  In an April 24,
22  2015 minute order, the court vacated the deadlines set for expert disclosure and hearing on
23  motions to compel, and informed the parties it would issue an amended scheduling order, if
24  necessary, following the parties' submission of their joint status conference statement and the
25  then-scheduled June 11, 2015 status conference.  *Id*.  Service to plaintiff has been unsuccessful;
26  /////
27
28

2

documents have been returned as "undeliverable," as noted on the docket.[2]  *See* Docket Entries following ECF No. 70.

On June 3, 2015, defendant Lilly made a request to file the following pleadings and documents under seal: (1) Memorandum of Points and Authorities in Support of Motion for Summary Judgment, (2) Statement of Undisputed Facts in Support of Motion for Summary Judgment, (3) Declaration of Eric Rothschild in Support of Motion for Summary Judgment, and (4) Exhibits A through F in Support of Motion for Summary Judgment.  ECF No. 71.  Finding the documents contained confidential medical information, the court granted the request on June 18, 2015.  ECF No. 74.

On June 8, 2015, the court vacated the June 11, 2015 status conference and issued an Order to Show Cause directing plaintiff to explain why this case should not be dismissed.  ECF No. 73.  Plaintiff's response was due by June 22, 2015, but no response was filed.  On June 30, 2015, Lilly filed a mid-litigation statement as required by the pretrial scheduling order, indicating its intent to file the instant summary judgment motion.  ECF No. 75.  This statement was served on plaintiff.  ECF No. 75-1.  On July 20, 2015, defendant filed the motion for summary judgment.  ECF No. 76.  Plaintiff has not opposed the motion nor filed a statement of non-opposition.  On August 21, 2015, the court issued a second Order to Show Cause why this case should not be dismissed for failure to prosecute.  ECF No. 79.  Plaintiff has not responded.  In addition, the court requested that defendant show cause why the sealed documents filed with the motion for summary judgment should not be unsealed, with redacted versions filed.  *Id*.  Defendant responded on August 31, 2015, attaching redacted versions of the documents and agreeing that they may be filed as redacted to maintain plaintiff's medical privacy.  ECF No. 80.

To date, plaintiff has not filed any response to either Orders to Show Cause nor made any contact with the court.

---

[2] This does not affect the court's consideration of dismissal; it is plaintiff's duty to keep the court abreast of any change in address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

## II. LEGAL STANDARD

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)). Under Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). But "[b]ecause dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." *Id*. Whether dismissal is appropriate depends on application of several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III. DISCUSSION

Here, the *Thompson* factors support dismissal. As to the first factor, plaintiff's lack of response to attempts at discovery and to meet and confer, and to the court's orders, has brought the litigation to a standstill. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff's last confirmed communication was with her counsel, prior to their motion to withdraw on February 13, 2015. ECF No. 61. The Ninth Circuit has found a pro se litigant's "failure to pursue the case for almost four months," less time than here, weighed in favor of dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). As to the second factor, in the interest of managing its docket, the court declines to continually issue orders to show cause in vain in an effort to ascertain plaintiff's intent to continue litigation. For the third factor, to show prejudice, a defendant must show plaintiff's actions have impaired defendant's ability to proceed to trial or threaten to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Defendant has done so here: it has shown it has not been able to fully develop its case because it has been unable to complete discovery. While defendant has

4

filed a motion for summary judgment, it has done so on an incomplete record.[3]  As to the fourth factor, the public policy favoring disposition on the merits always weighs against dismissal. While the court could address the pending motion for summary judgment on the merits, it would do so without the benefit of any opposition testing defendant's position.  Finally, regarding the fifth factor, the court considered less drastic sanctions in issuing the two orders to show cause, one in June 2015 and one in August 2015, asking plaintiff to demonstrate her intention to continue litigation or risk dismissal.  *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").  On balance, the *Thompson* factors weigh in favor of dismissal.

IV.   CONCLUSION

Plaintiff's claims are DISMISSED WITH PREJUDICE.  *See* Fed. R. Civ. P. 41(b). The Clerk of the Court is instructed to enter judgment for the defendant and close the case.

DATED:  September 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[3] If the court were to reach the merits of the summary judgment motion, it would grant summary judgment to defendant on the merits.